WAYNE (BILL) THOMPSON, d.b.a. BILL'S SANITATION, v. COUNTY OF BLUE EARTH AND OTHERS.

233 N. W. 2d 770.

September 26, 1975—No. 45237.

*John F. Corbey,* County Attorney, and *John Riedy,* Assistant County Attorney, for appellants.

*Gault, MacKenzie, Gustafson & Litynski* and *Jerold M. Lucas,* for respondent.

Heard before Rogosheske, Todd, and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Respondents appeal from an order granting petitioner a peremptory writ of mandamus restraining respondent County of Blue Earth from enforcing against petitioner a provision of its solid waste ordinance requiring licensed waste haulers to deposit refuse in landfill sites located within the county. The lower court held that the requirement was beyond the powers granted the county by statute and that the restriction violated petitioner's constitutional rights. We affirm.

Petitioner is the operator of a sanitary landfill site in Le Sueur County which is approved by the Minnesota Pollution Control Agency and Le Sueur County. He sought a license from Blue Earth County to operate a commercial solid waste collection and transportation operation in Blue Earth County. His application was denied since he proposed to deposit the waste materials at his site in Le Sueur County and would not consent to haul the materials to either of two privately operated landfill sites in Blue Earth County which were licensed and approved by the county. Section V, subd. 5(a), of the Blue Earth County Solid Waste Ordinance states:

"Subd. 5. The County Board shall issue licenses for the collecting and hauling of solid waste for hire on compliance with the following requirements:

"(a)  Solid waste must be disposed of at an operation having a permit from the Agency and a license from the County."

The County Solid Waste Management Act, Minn. St. c. 400, grants authority to counties to conduct solid waste management programs. Section 400.04, subd. 2, allows the county to acquire landfill sites within or outside the county, provided that locations in other counties must be approved by the county boards of such counties. Section 400.06 requires all counties to provide for periodic inspection of sites located within their respective boundaries. Section 400.16 provides authority for a county to regulate the transportation of waste materials within the county. Blue Earth County argues that unless all materials collected within the county are deposited in the two privately-owned landfill sites, these operations will be economically unfeasible and the county will have to acquire its own site, resulting in a burden on the taxpayers. The lower court concluded that requiring the materials to be deposited at a facility within Blue Earth County was not necessary to accomplish the statutory purpose and was violative of the due process clause of Minn. Const. art. 1, § 7.

The statutory scheme created in the County Solid Waste Management Act does not explicitly grant counties power to prevent solid waste from leaving the territorial jurisdiction of their boundaries. Moreover, statewide control of commercial hauling disposal sites is done by the Minnesota Pollution Control Agency through regulations promulgated pursuant to Minn. St. 116.07, subds. 2 and 4.

We conclude that the issue is disposed of by the fact that the ordinance in question is clearly an attempt to regulate intrastate commerce by creating artificial barriers at county lines. The County Solid Waste Management Act, Minn. St. c. 400, does not vest power in any county to impose burdens upon commerce between the counties. The attempt of Blue Earth County to regulate intrastate commerce is improper and invalid, and petitioner is entitled to the relief granted by the lower court.

Affirmed.