Peter **SHERNER**, et al., **Appellants,**

v.

Ambrose **CULLITON**, et al., **Respondents.**

No. C5–85–1776.

Court of Appeals of Minnesota.

March 11, 1986.

Timothy O. Lee, James Harper, Duluth, for appellants.

Joseph J. Roby, Jr., Duluth, for respondents.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellants, two Wrenshall Township farmers, sued respondents, members of the Wrenshall town board for damages. Appellants alleged that respondents exceeded their authority by enacting an ordinance that prohibits the use of sludge in Wrenshall Township. Summary judgment was entered for respondents. We affirm.

## FACTS

Before enactment of this ordinance, appellants used sludge to fertilize their farmland in Wrenshall Township. They obtained the sludge at no cost from the Western Lake Superior Sanitary District (WLSSD) plant. Sludge is a by-product of the WLSSD plant. Appellants had approval from the Minnesota Pollution Control Agency to use the sludge. The approval was, however, subject to local restrictions. Since enactment of the ordinance, WLSSD has refused to deliver any more sludge to appellants.

Appellants claim that, as a result of the ordinance, their farm operations have been damaged. They also claim that respondents were without authority to enact the ordinance.

Before trial, the parties agreed that if the town board was authorized to enact the ordinance judgment should be entered for respondents. The trial court determined that the board had such authority and granted summary judgment for respondents. Appellants now argue that the trial court's interpretation of the law was erroneous.

## ISSUE

Did the trial court err in ruling that the Wrenshall town board had authority to enact an ordinance banning the use of sludge on land within the township?

## ANALYSIS

The trial court set forth in detail its reasons for concluding that the town board was authorized to enact the ordinance. The court relied on both Minn.Stat. Chapter 115A, the Waste Management Act, and on Minn.Stat. § 462.357 (1984), a zoning statute.

A political subdivision may impose reasonable requirements respecting the construction, inspection, operation, monitoring, and maintenance of a facility.

Minn.Stat. § 115A.37, subd. 3 (1984).

"Waste facility" means all property, real or personal, * * * which is or may be needed or useful for the processing or disposal of waste * * *. Waste facility includes, but is not limited to transfer stations, processing facilities, and disposal sites and facilities.

Minn.Stat. § 115A.03, subd. 35.

"Disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any waste into or on any land or water so that the waste or any constituent thereof may enter the environment * * *.

Minn.Stat. § 115A.03, subd. 9. "Waste" includes sewage sludge. Minn.Stat. § 115A.03, subd. 34.

"Political subdivision" means any municipal corporation, governmental subdivision of the state, local government unit, special district, or local or regional board, commission, or authority authorized by

law to plan or provide for waste management.

Minn.Stat. § 115A.03, subd. 24. "Local government unit" includes towns. Minn. Stat. § 115A.03, subd. 17.

Citing the above statutory provisions, the trial court noted that a town is clearly a "political subdivision," and a disposal site is a "waste facility." The court further noted that rather than preempt the field, the legislature specifically provided for regulation by political subdivisions. *See* Minn.Stat. § 115A.37, subd. 3. Thus, the court concluded that the town board was acting within its authority and, as a result, appellants had no cause of action against them.

Appellants argue that a town does not come within the statutory definition of "political subdivision." Appellants argue that the phrase "authorized by law to plan or provide for waste management" modifies the entire preceding list of entities. Thus, according to appellant's interpretation, there must be an independent grant of power to bring a town within this subdivision. We do not agree.

■ Words and phrases of a statute are to be construed according to the rules of grammar. Minn.Stat. § 645.08, subd. 1 (1984). The phrase "authorized by law to plan or provide for waste management" modifies "local or regional board, commission, or authority." Thus, a town comes within the definition of "political subdivision."

Appellants also argue that even if towns are included in the definition of political subdivision, the statute does not authorize banning of facilities. They argue that the language of the statute authorizes only regulation of existing facilities.

The power to ban facilities is not explicitly enumerated in § 115A.37, subd. 3. However, § 115A.33 (concerning review by the waste management board) states:

A request for supplementary review shall show that the required permits for the facility have been issued by the agency and that *a political subdivision has*

*refused to approve* the establishment or operation of the facility.

(Emphasis added).

■ This language clearly indicates that local governmental units may ban the creation of facilities. This action is, however, reviewable by the waste management board and the waste management board's determination is final. Minn.Stat. § 115A.37, subd. 2.

Appellants argue that the town board cannot enact an ordinance banning the use of sludge in the township because it interferes with intrastate commerce. Appellants rely for this proposition on *Thompson v. County of Blue Earth*, 305 Minn. 438, 233 N.W.2d 770 (1975).

This case does not implicate intrastate commerce concerns. Unlike *Thompson*, the ordinance in this case does not benefit those within the township at the expense of those in other townships. All persons within Wrenshall Township are prohibited from using sludge. The fact that use of sludge may be allowed in other townships is irrelevant.

■ Because Wrenshall Township had the authority under the Waste Management Act to enact the ordinance, we do not address the remaining arguments.

## DECISION

The trial court did not err in concluding that respondents were authorized to enact an ordinance banning the use of sludge in the township.

Affirmed.